J-S54017-14

2014 PA Super 258

| IN THE INTEREST OF: X.J., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| APPEAL OF: D.A., MOTHER | No. 697 MDA 2014 |

Appeal from the Decree April 21, 2014
In the Court of Common Pleas of Lancaster County
Orphans' Court at No(s): 36-2013-1861

BEFORE:  LAZARUS, J., MUNDY, J., and STABILE, J.

OPINION BY MUNDY, J.:                    **FILED NOVEMBER 20, 2014**

Appellant, D.A. (Mother), appeals from the April 21, 2014 decree, involuntarily terminating her parental rights to her minor child, X.J., born in July 2010.[1]  In addition, Mother's counsel has filed a petition to withdraw, together with an **Anders**[2] brief, averring the appeal is frivolous.  After careful review, we deny counsel's petition to withdraw, vacate the decree, and remand for further proceedings.

We summarize the relevant factual and procedural history of this case as follows.  X.J. was removed from Mother's care as a result of Mother's alleged drug use, and following an incident in which X.J. was left

---

[1] The decree also terminated the parental rights of X.J.'s biological father, H.W.R. (Father).  Father is not a party to this appeal.

[2] **Anders v. California**, 386 U.S. 738 (1967).

unsupervised for an extended period of time. Because of Mother's neglect, X.J. fell out of a bassinet/playpen and fractured his arm. The Lancaster County Children and Youth Social Service Agency (the Agency) filed a petition for temporary custody of X.J., along with a shelter care application and motion for a finding of aggravated circumstances. X.J. was adjudicated dependent on May 29, 2013.[3] Mother appealed, and a panel of this Court affirmed the juvenile court's order on November 7, 2013. ***See In re X.J.***, 91 A.3d 1276 (Pa. Super. 2013) (unpublished memorandum). Mother did not file a petition for allowance of appeal with our Supreme Court.

Meanwhile, on July 25, 2013, the Agency filed a petition to terminate Mother and Father's parental rights to X.J. The orphans' court held a termination hearing on March 17, 2014. Mother did not appear at said hearing. The orphans' court issued a decree terminating Mother's parental rights, dated March 17, 2014, and entered April 21, 2014. Also on April 21, 2014, Mother filed a notice of appeal, along with a concise statement of

---

[3] For purposes of dependency proceedings, Mother was represented by Caprice Hicks Bunting, Esquire (Attorney Bunting), who currently represents Mother in this appeal. As we explain *infra*, Attorney Bunting was permitted to withdraw as counsel on October 22, 2013, and was reappointed by the juvenile court on May 14, 2014, retroactive to April 1, 2014. ***See*** Praecipe for Withdrawal of Appearance, 10/22/13, at 1; Trial Court Order, 5/14/14, at 1.

J-S54017-14

errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(a)(2)(i).[4]

In her *Anders* brief, Attorney Bunting raises the following issue on Mother's behalf.

> Whether the [orphans' c]ourt erred when it terminated the parental rights of the biological Mother[?]

*Anders* Brief at 11.[5]

When counsel files an *Anders* brief, this Court may not review the merits without first addressing counsel's request to withdraw. *Commonwealth v. Washington*, 63 A.3d 797, 800 (Pa. Super. 2013). In *In re V.E.*, 611 A.2d 1267 (Pa. Super. 1992), this Court extended the *Anders* principles to appeals involving the termination of parental rights.

_____

[4] We note that Mother's notice of appeal was filed on April 21, 2014, more than 30 days after the date on the orphans' court decree. *See* Pa.R.A.P. 903(a) (stating, "[a] notice of appeal … shall be filed within 30 days after the entry of the order from which the appeal is taken[]"). The docket reflects that, while the trial court issued its decree on March 17, 2014, the case file for the instant matter was later discovered "in the pending drawer undocketed," and the decree remained undocketed until April 21, 2014. *See* Orphans' Court Docket at 2. Thus, the date of entry for the trial court's decree was April 21, 2014, and Mother's notice of appeal was timely filed. *See id.* at 108(b) (stating, "[t]he date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b)[]").

[5] We note Mother filed a *pro se* response to the *Anders* brief on November 5, 2014. In light of our disposition, we need not consider the issues raised therein.

- 3 -

*Id.* at 1275. In these cases, counsel appointed to represent an indigent parent on a first appeal from a decree involuntarily terminating parental rights may petition this Court for leave to withdraw representation and submit an *Anders* brief. *In re S.M.B.*, 856 A.2d 1235, 1237 (Pa. Super. 2004). We review counsel's *Anders* brief for compliance with the requirements set forth by our Supreme Court in *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).

> [W]e hold that in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 361.

> Additionally, pursuant to *Commonwealth v. Millisock*, 873 A.2d 748 (Pa. Super. 2005) and its progeny, "[c]ounsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief."

*Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted). "Once counsel has satisfied the

above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." ***Commonwealth v. Goodwin***, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*), *quoting* ***Commonwealth v. Wright***, 846 A.2d 730, 736 (Pa. Super. 2004).

In the present matter, Attorney Bunting states in her petition to withdraw that she has conducted a conscientious examination of the record, and that Mother's appeal is wholly frivolous. Attorney Bunting indicates that she has sent Mother a letter informing her of her right to obtain new counsel, or to proceed *pro se*, and explaining to her that she may raise any additional arguments with this Court. A copy of this letter is attached to the petition to withdraw. In her ***Anders*** brief, Attorney Bunting sets forth the relevant history of the case, as well as her reasons for concluding that Mother's appeal is wholly frivolous. Attorney Bunting states in her petition that a copy of this brief was forwarded to Mother. Accordingly, we conclude that Attorney Bunting has complied with the technical requirements of ***Anders***, ***Santiago***, and ***Millisock***. We therefore proceed with our independent review of the record and the issue presented on Mother's behalf.

Our review of the record reveals an issue pertaining to Mother's lack of representation during the termination proceedings below. The Adoption Act controls termination of parental rights proceedings. ***See generally*** 23

Pa.C.S.A. §§ 2511-2513. It provides that a court "shall appoint counsel for a parent whose rights are subject to termination in an involuntary termination proceeding if, upon petition of the parent, the court determines that the parent is unable to pay for counsel or if payment would result in substantial financial hardship." *Id.* § 2313(a.1); *see also In re J.T.*, 983 A.2d 771, 774 (Pa. Super. 2009) (stating, "an indigent parent in a termination of parental rights case has a constitutional right to counsel … [and t]he right to counsel in parental termination cases is the right to effective assistance of counsel even though the case is civil in nature[]") (citations omitted). An indigent parent in termination proceedings is likewise entitled to be advised of that right. *In re Adoption of R.I.*, 312 A.2d 601, 603 (Pa. 1973). This Court has held that when a party "was denied [her] right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." *Commonwealth v. Stossel*, 17 A.3d 1286, 1290 (Pa. Super. 2011). In light of the statutory and constitutional right at stake, we conclude the principle enunciated in *Stossel* is appropriate in termination of parental rights cases.

In *In re J.N.F.*, 887 A.2d 775 (Pa. Super. 2005), this Court held, consistent with the text of Section 2313(a.1), that the parent must request a court-appointed attorney once notified of the requirement to do so. *Id.* at 780. In that case, this Court concluded that the father, who was

incarcerated, was provided with adequate notice that he was required to affirmatively request an attorney.

> The appointment of counsel for indigent parents in termination proceedings is controlled by 23 Pa.C.S.A. § 2313(a.1), which states, in pertinent part, the following:
>
>> (a.1) PARENT.—The court shall appoint counsel for a parent whose rights are subject to termination in an involuntary termination proceeding if, **upon petition of the parent**, the court determines that the parent is unable to pay for counsel or if payment would result in substantial financial hardship.
>
> (emphasis added).
>
> In the present case, the original termination petition contained a notice that stated the following:
>
>> You have a right to be represented at the hearing by a lawyer; however, it is not necessary to have a lawyer at this hearing. A court-appointed attorney will be assigned to represent you if you cannot afford legal help. The Family/Orphans' Court Administrator will be present at this hearing. She will give you an application for request of a court-appointed attorney. This attorney will represent you at your [termination hearing]. If you have any questions, contact [the Family/Orphans' Court Administrator].
>
> *See* Notice, 9/4/2004.

*Id.* This Court concluded that the orphans' court was not required to appoint counsel because the father did not request court-appointed counsel after he received notice of his right to do so. *Id.*

- 7 -

However, in this case, Mother was not advised of her right to counsel in the termination proceeding. Neither the termination petition, nor the orphans' court's preliminary decree contained any type of notice provision described in *In re J.N.F.* Furthermore, the certified record does not contain any indication that Mother was served with **any** of the filings in the termination proceedings below, except for the final termination decree that is the subject of this appeal. Since Mother was never notified of the proceedings against her, her right to counsel, or of her obligation to request the same, we deem the certified record's silence on Mother's application for counsel immaterial for the purposes of this appeal. Based on these considerations, we conclude that *In re J.N.F.* does not present an impediment to our decision in this case.

The certified record reveals that Mother was represented by counsel solely in the dependency proceedings from approximately October 15, 2012 to October 22, 2013.[6] Mother was neither advised of her right to counsel in the termination proceedings, nor afforded legal representation at any time in the termination proceedings in orphans' court. The orphans' court

_____

[6] We note that the cover pages of the October 21, 2013 juvenile court and December 9, 2013 orphans' court hearings list an appearance of Attorney Bunting on Mothers' behalf. However, our review of the proceedings reveal that Attorney Bunting was not present. This is consistent with the certified record, as Attorney Bunting was permitted to withdraw from representing Mother for dependency proceedings on October 22, 2013 and there is no documentation substantiating counsel's representation of Mother for the termination proceedings.

conducted its termination hearing on March 17, 2014. Mother was not present or represented by an attorney at this hearing. Counsel for the Agency inaccurately indicated during the hearing that Mother's "prior counsel … was here earlier." N.T., 3/17/2014, at 4. In her **Anders** brief, Attorney Bunting correctly avers that she was no longer representing Mother at the time of the termination hearing.[7] **See Anders** Brief at 13 (stating, "[p]rior to the termination hearing, specifically on October 21, 2013, the court was aware Mother no longer had counsel. The record indicates Mother attempted to qualify for court appointed counsel that day but was unsuccessful[]") (citation omitted). The certified record reflects that Mother was without counsel during a dependency review hearing on October 21, 2013.

Equally troubling as the lack of representation and/or notice thereof is the lack of service upon the Mother of the orphans' court scheduling orders.

---

[7] Our review of the certified record reveals this assertion is correct. The trial court granted Attorney Bunting's request to withdraw for the purposes of dependency proceedings on October 22, 2013. Praecipe for Withdrawal of Appearance, 10/22/13, at 1. Furthermore, Attorney Bunting was reappointed to represent Mother by the trial court, on the trial court's dependency docket number, as of April 1, 2014. Trial Court Order, 5/14/14, at 1. A dependency review hearing transcript from October 21, 2013 reveals that Mother attempted to re-qualify for court-appointed counsel, but did not have all of the necessary paperwork. The certified record does not reveal any discussion of appointing counsel for mother regarding the proceedings seeking to terminate her parental rights. The trial court told Mother that she was required to re-apply for court-appointed counsel at each stage of dependency proceedings. **See** N.T., 10/21/13, at 4. It is unclear what the legal basis of that statement is, but we need not resolve this ancillary issue for the purposes of this appeal.

As noted above, none of the orphans' court's orders scheduling the various termination hearings in this case listed Mother as being served. At the termination hearing held on December 9, 2013, which was continued, counsel for the Agency told the orphans' court that Attorney Bunting was still representing Mother. N.T., 12/9/13, at 4. Moreover, Attorney Bunting was listed as Mother's attorney of record on the affidavit of service of notice produced by the Agency. Attached to said affidavit is a photocopy of the letter sent to Mother notifying her of the March 17, 2014 termination hearing date.[8] The letter also notes that a copy was sent to Attorney Bunting.

_____

[8] We also note that the record reveals that service of notice of the termination hearings was improper in this case. The Adoption Act mandates that an individual whose parental rights may be terminated must be served with notice of an upcoming termination hearing. 23 Pa.C.S.A. § 2513(b). Mother's termination hearing had previously been scheduled for September 23, 2013. The orphans' court set forth in a preliminary decree entered July 26, 2013, that Mother must be served "either by personal service or at the address set forth in the [termination p]etition, by certified mail, return receipt requested." By an order entered October 21, 2013, the orphans' court continued the hearing to December 9, 2013, and directed that "the Agency is required to make service on the parties by first class mail only." Orphans' Court Order, 10/21/13, at 1. As noted above, Mother was not listed as served with this order by the orphans' court. On December 9, 2013, the orphans' court again continued the termination hearing, and the Agency requested that the court permit service by first class mail. N.T., 12/9/2013, at 4. The orphans' court granted the Agency's request by an order entered on December 11, 2013. Mother was not listed as being served by the orphans' court with this order either.

At the beginning of Mother's termination proceedings, counsel for the Agency stated that Mother had been served with notice of the hearing date by first-class mail. N.T., 3/17/2014, at 3. Counsel marked, and later entered into evidence, an affidavit of service of notice. **Id.** at 4, 16. The
*(Footnote Continued Next Page)*

Although the Agency believed that Mother was represented by Attorney Bunting, as we have explained, the certified record demonstrates that Mother was unrepresented at this time. Furthermore, our review of the record reveals there were no orders appointing counsel for Mother for the purposes of the termination proceedings, nor evidence of any notice to Mother of her right to counsel.

Thus, the certified record reveals that Mother did not receive counsel for the purposes of termination proceedings, even though she was entitled to representation. *See, e.g.*, *Stossel*, *supra*; *In re J.T.*, *supra*. Nor does the record indicate that Mother was ever advised of her right to counsel for termination proceedings. *See In re Adoption of R.I.*, *supra*. Therefore, we believe the best course of action is to remand this case for a new termination hearing, before which the orphans' court shall advise Mother of her counsel rights, appoint counsel for Mother, or affirmatively determine that Mother does not qualify for counsel.

Based on the foregoing, we conclude that Mother's right to counsel was violated in the termination proceedings below. Accordingly, counsel's petition to withdraw is denied, the orphans' court's April 21, 2014 decree is

*(Footnote Continued)* ⸻

notice, which is included in the certified record, indicates that Mother was served by first class mail at her address in Elizabethtown, Pennsylvania, on January 8, 2014. We remind the Agency and the orphans' court that the Orphans' Court Rules only allow service "by personal service, service at his or her residence on an adult or member of the household, or by registered or certified mail to his or her last known address." Pa.O.C.R. 15.6(a).

- 11 -

vacated, and the case is remanded for further proceedings, consistent with this opinion.

Decree vacated. Case remanded. Petition to withdraw as counsel denied. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/20/2014