J-S52030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE:  E.W. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF:  NATURAL MOTHER, B.W. | |
| | No. 435 WDA 2015 |

Appeal from the Order Entered February 10, 2015
In the Court of Common Pleas of Allegheny  County
Orphans' Court at No(s): TPR 84 of 2014

BEFORE:  SHOGAN, OLSON AND WECHT, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED NOVEMBER 13, 2015**

Appellant, B.W. ("Mother"), natural mother of E.W. (born February, 2012) ("Child"), appeals from an order entered on February 10, 2015 that terminated Mother's parental rights.  We affirm.

We presume that the parties are familiar with the factual and procedural history in this case, which the trial court has aptly summarized in its findings of fact and opinion dated May 4, 2015.  *See* Trial Court Findings of Fact and Opinion, 5/4/15, at 2-19.  Accordingly, we incorporate the trial court's assessments and provide only an abbreviated overview of the proceedings that have brought this matter before this Court.

On May 13, 2014, the Office of Children, Youth, and Families (OCYF) filed a petition for termination of parental rights with respect to Mother, S.G. (alleged Father of E.W.), and Unknown Father.  A contested termination of parental rights hearing began on September 5, 2014 and concluded on February 10, 2015.  During the hearing, the trial court received ten days of

testimony. On February 10, 2015, the court found that grounds existed to terminate Mother's parental rights pursuant to 23 Pa.C.S.A. § 2511(a)(2) and (8). In addition, the court concluded that termination of Mother's rights best served Child's needs and welfare under 23 Pa.C.S.A. § 2511(b). The court also terminated the parental rights of S.G. and Unknown Father.

On March 13, 2015, Mother filed a timely notice of appeal together with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i). The trial court issued its opinion on May 4, 2015.

Mother raises a single issue for our review:

> Did the trial court abuse its discretion and/or err as a matter of law in concluding that OCYF met its burden of proving by clear and convincing evidence that termination of [Mother's] parental rights would best serve the needs and welfare of [C]hild pursuant to 23 Pa.C.S.A. § 2511(b)?

Mother's Brief at 8.

Mother[1] challenges an order terminating her parental rights pursuant to 23 Pa.C.S.A. § 2511. When terminating parental rights, the trial court

_____

[1] During the period leading up to the commencement of the termination proceedings, Mother was represented by the Juvenile Court Project ("JCP"). However, approximately ten days before the proceedings commenced, JCP moved to withdraw as counsel, citing a breakdown in its attorney-client relationship with Mother. The trial court denied JCP's request. Thereafter, at the outset of Mother's termination hearing, JCP renewed its motion. In response, the trial court conducted a thorough colloquy on the record. During the colloquy, the court reviewed with Mother her options with respect to legal representation (remain with JCP, represent herself, or retain new counsel) and strongly advised Mother not to proceed *pro se*. The court also
*(Footnote Continued Next Page)*

- 2 -

must initially find clear and convincing evidence that grounds for termination exist under one of the subsections of 23 Pa.C.S.A. § 2511(a). *In re J.F.M.*, 71 A.3d 989, 992 (Pa. Super. 2013). If grounds exist, the court must then consider, pursuant to 23 Pa.C.S.A. § 2511(b), whether termination would best serve the child's developmental, physical, and emotional needs and welfare. *Id*.

On appeal, Mother argues that the trial court abused its discretion and erred as a matter of law in concluding that OCYF met its burden of proof to come forward with clear and convincing evidence that termination of Mother's parental rights would best serve the needs and welfare of Child under 23 Pa.C.S.A. § 2511(b). Pointing to the bond of love and strong attachment between herself and Child, Mother maintains that the trial court should have found that OCYF failed to meet its burden under § 2511(b) and

*(Footnote Continued)* ———————————

rejected Mother's request to allow a certified legal intern to represent her for purposes of the termination proceedings. The court did so on grounds that Mother failed to execute written consent to representation by an intern and because no supervising attorney had introduced the intern to the trial court. At the conclusion of the colloquy, the court accepted Mother's waiver of counsel and granted JCP's motion to withdraw. Because Mother had the benefit of counsel at the outset of this matter and knowingly waived her right to counsel at the termination hearing, we see no reason to disturb the trial court's order on this basis. **Compare In re X.J.**, 105 A.3d 1, 7 (Pa. Super. 2014) (vacating termination decree and remanding case for further proceedings where mother was never advised of her right to counsel at termination proceedings and, in fact, never received the assistance of counsel at termination hearing before the trial court).

that termination of her parental rights would only deprive Child of the love and affection of his mother.

In examining whether termination is appropriate under § 2511(b), this Court has previously stated:

> In **In re C.M.S.**, 884 A.2d 1284, 1287 (Pa. Super. 2005), this Court stated, "Intangibles such as love, comfort, security, and stability are involved in the inquiry into needs and welfare of the child." In addition, we instructed that the orphans' court must also discern the nature and status of the parent-child bond, with utmost attention to the effect on the child of permanently severing that bond. **Id.** However, the extent of the bond-effect analysis necessarily depends on the circumstances of the particular case. **In re K.Z.S.**, 946 A.2d 753, 763 (Pa. Super. 2008).
>
> While a parent's emotional bond with his or her child is a major aspect of the subsection 2511(b) best-interest analysis, it is nonetheless only one of many factors to be considered by the court when determining what is in the best interest of the child. **In re K.K.R.-S.**, 958 A.2d 529, 533–536 (Pa. Super. 2008). The mere existence of an emotional bond does not preclude the termination of parental rights. **See In re T.D.**, 949 A.2d 910 (Pa. Super. 2008) (trial court's decision to terminate parents' parental rights was affirmed where court balanced strong emotional bond against parents' inability to serve needs of child). Rather, the orphans' court must examine the status of the bond to determine whether its termination "would destroy an existing, necessary and beneficial relationship." **In re Adoption of T.B.B.**, 835 A.2d 387, 397 (Pa. Super. 2003). As we explained in **In re A.S.**, 11 A.3d 473, 483 (Pa. Super. 2010),
>
> > [I]n addition to a bond examination, the trial court can equally emphasize the safety needs of the child, and should also consider the intangibles, such as the love, comfort, security, and stability the child might have with the foster parent. Additionally, this Court stated that the trial court should consider the importance of continuity of relationships and whether any existing parent-child bond can be severed without detrimental effects on the child.

***In re N.A.M.***, 33 A.3d 95, 103 (Pa. Super. 2011).

In assessing the factors relevant to a § 2511(b) best-interest analysis, the trial court found that, "[d]espite [C]hild's familiarity with Mother, Mother's mental health problems seriously affect her ability to provide the emotional nurturance and quality of physical care [C]hild requires." Trial Court Opinion, 5/4/15, at 27. In reaching this conclusion, the trial carefully reviewed, and credited, the testimony offered by Dr. Neil Rosenblum, a forensic psychologist. Dr. Rosenblum acknowledged that Mother and Child had a relationship but opined that this was not Child's primary attachment. Based upon Mother's emotional and psychological condition, Dr. Rosenblum was reluctant to conclude that Mother would be willing and able to improve her parenting skills and effectively respond to Child's needs. Dr. Rosenblum also testified that reunification posed a significant risk that Mother would neglect Child and that termination would not disrupt Child's primary sense of emotional security or stability forged with his foster mother. Dr. Rosenblum concluded that adoption would ensure Child's psychological safety and well-being and was the most appropriate permanency goal for Child. We also note in this connection that Mother has not challenged the trial court's determination, under § 2511(a), that Mother, as a result of her mental health issues, is incapable of functioning as a full-time parent to Child and that her incapacity leaves Child without essential parental care, control, and subsistence necessary for his physical and mental well-being.

The trial court's factual determinations find substantial support in the certified record and its legal conclusions are fully consistent with our prior case law and statutory provisions. As such, we cannot conclude that the trial court erred or abused its discretion in terminating Mother's parental rights.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2015