J-S50002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: ADOPTION OF: S.M.S.V., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: M.A.S., FATHER | No. 107 MDA 2016 |

Appeal from the Decree December 9, 2015
in the Court of Common Pleas of Berks County Orphans' Court
at No(s): 84343

BEFORE: MUNDY, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED JULY 05, 2016**

M.A.S. ("Father") appeals from the decree entered on December 9, 2015, granting the petition filed by J.O. and M.N.R. ("Maternal Grandparents"), seeking to involuntarily terminate Father's parental rights to his minor child, S.M.S.V., a female born in March of 2008 ("Child"), pursuant to the Adoption Act, 23 Pa.C.S. § 2511(a)(1) and (b).[1] We vacate and remand.

On July 28, 2015, Maternal Grandparents filed the petition for involuntary termination. After the trial court corresponded with Maternal

---

[*] Former Justice specially assigned to the Superior Court.

[1] The trial court found that Mother was murdered in 2007, as J.O. testified that she was murdered in December of 2007; however, the date of the murder is unclear from the record, as the death certificate attached to the amended petition provides that Mother's body was found in December of 2012. **See** Trial Ct. Op., 2/23/16, at 2; N.T., 12/9/15, at 5; Death Certificate attached to Amended Termination Petition.

Grandparents' counsel requesting clarification, Maternal Grandparents filed an amended petition on October 13, 2015.[2]

The trial court set forth the relevant factual background and procedural history of this case in its opinion, as follows.

> The petition was filed on the grounds that Father had not seen or contacted Child in over two years, had not contributed to support of Child, had by his conduct for a period in excess of six months clearly indicated a settled purpose of relinquishing parental claim to Child, and had refused and failed to perform parental duties. Father was present at the hearing scheduled for December 9, 2015. Upon consideration of the testimony offered at the hearing, the [c]ourt terminated Father's parental rights [in the decree entered on December 9, 2015.]

Trial Ct. Op., 2/23/16, at 1.

On January 8, 2016, Father timely filed a notice of appeal, along with a concise statement, pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). On February 23, 2016, the trial court appointed Susan N. Denaro, Esq., as counsel for Child. The trial court order directed Attorney Denaro to review the record in this matter, interview Child, and otherwise conduct an investigation into Child's best interests relative to whether the termination of Father's parental rights was appropriate and whether Child should be adopted by Maternal Grandparents. Further, the trial court order directed Attorney Denaro to prepare a report containing her findings, conclusions,

---

[2] In its opinion, the trial court referred only to the amended petition. Trial Ct. Op., 2/23/16, at 1 n.*.

and recommendations, file it with the court, and serve it on the parties within thirty days.[3] Attorney Derano filed her report on March 24, 2016.

In his brief on appeal, Father raises one issue: "[w]hether numerous procedural defects and violations of due process in the lower court below necessitate remand of this matter?" In his concise statement, Father included eight allegations of error. In his summary of argument portion of his brief, Father identifies two matters for our review:

> First, despite the fact that Father contested the termination of his parental rights, the lower court did not appoint counsel to the child or to Father.
>
> Second, the court failed to enter specific findings regarding the statutory factors it considered in making its determination.

Father's Brief at 9.

Initially, we address Father's contention that the trial court erred in failing to appoint counsel to represent him and Child, pursuant to Section 2313, which provides as follows:

### § 2313. Representation

---

[3] On March 7, 2016, this Court remanded the matter, retaining jurisdiction, and directed the trial court to determine whether Father's appointed appellate counsel had abandoned him, as counsel failed to timely file a docketing statement pursuant to Pa.R.A.P. 3517. The trial court convened a hearing on the issue of abandonment on March 16, 2016. The trial court entered an order on that same date, finding that Father's appellate counsel had not abandoned him, and permitting counsel to remain as Father's counsel in the appeal.

**(a) Child.**—The court shall appoint counsel to represent the child in an involuntary termination proceeding when the proceeding is being contested by one or both of the parents. The court may appoint counsel or a guardian ad litem to represent any child who has not reached the age of 18 years and is subject to any other proceeding under this part whenever it is in the best interests of the child. No attorney or law firm shall represent both the child and the adopting parent or parents.

**(a.1) Parent.**—The court shall appoint counsel for a parent whose rights are subject to termination in an involuntary termination proceeding if, upon petition of the parent, the court determines that the parent is unable to pay for counsel or if payment would result in substantial financial hardship.

23 Pa.C.S. § 2313.

We could rule that Father waived his argument concerning the trial court's failure to appoint counsel to represent him at the termination hearing, as he failed to include this issue in his concise statement and statement of questions involved portion of his brief. *See Krebs v. United Refining Co. of Pa.*, 893 A.2d 776, 797 (Pa. Super. 2006) (holding that an appellant waives issues that are not raised in the concise statement of errors complained of on appeal and the statement of questions involved in the brief on appeal). We nevertheless conclude that the petition, the amended petition, and the notice of hearing, did not advise Father of his constitutional right to counsel. Further, at the termination hearing, the trial court offered to continue the matter for Father to retain counsel, but did not explain to him that he had a right to appointed counsel if he was unable to pay or if payment would result in financial hardship. N.T., 12/9/15, at 8-9; *see In re*

- 4 -

***X.J.***, 105 A.3d 1, 7 (Pa. Super. 2014) (*sua sponte* remanding the termination matter for a new termination hearing where the mother was not advised of her right to counsel for termination proceedings). We observe that Father is proceeding in this Court *in forma pauperis*. Thus, we conclude that the trial court's failure to provide proper notice deprived Father of his right to counsel. Pursuant to ***In re X.J.***, we remand the matter for a new termination hearing, before which the trial court shall advise Father of his right to counsel, appoint counsel for Father, or affirmatively determine that Father does not qualify for counsel. ***See In re X.J.***, 105 A.3d at 7.

Indeed, we observe the trial court recognized that it erred by failing to appoint counsel for **Child** because it appointed Attorney Denaro and ordered her to file and serve a report on all parties. In its opinion, the trial court relied on ***In re N.A.G.***, 471 A.2d 871 (Pa. Super. 1984), in which this Court, upon considering the father's exceptions to the decree terminating his parental rights, appointed counsel for the children. Upon our review, this Court concluded that the belated appointment of counsel was harmless given that the children and counsel did not wish to alter the court's decree.

Instantly, the trial court acknowledged that when ***In re N.A.G.*** was decided, parties could file exceptions to termination decrees—and that practice has been discontinued. The trial court nonetheless suggests that this Court should consider its order appointing Attorney Denaro and the

results of her report. The trial court requests us to either affirm or remand, depending upon the outcome of Attorney Denaro's report.

As we are remanding the matter for a new termination hearing with the opportunity for Father to have appointed counsel in the trial court, we need not review Attorney Denaro's report at this time. On remand, we direct the trial court to consider Attorney Denaro's report, and to ensure the representation of Child at the termination hearing.[4]

Decree vacated. Case remanded. Jurisdiction relinquished.

Stabile, J., joins the memorandum.

Mundy, J. concurs in the result.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/5/2016

---

[4] Accordingly, we do not reach Father's challenge to the trial court's findings regarding the statutory factors.