J-S73013-17

2018 PA Super 37

| | | |
|---|---|---|
| IN RE: K.J.H., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: L.A.P. AND D.W.P. | : | |
| | : | |
| | : | No. 1226 MDA 2017 |

Appeal from the Order Entered July 11, 2017
In the Court of Common Pleas of Lebanon County
Orphans' Court at No(s):  2017-158

BEFORE:   OLSON, DUBOW and STRASSBURGER,* JJ.

DISSENTING OPINION BY OLSON, J.:              **FILED FEBRUARY 20, 2018**

I agree with the learned Majority's conclusion that the trial court violated 23 Pa.C.S.A. § 2313(a) by failing to appoint counsel for Child.  Like the author of the Majority, I joined now-Justice Mundy's opinion in ***In re Adoption of G.K.T.***, 75 A.3d 521 (Pa. Super. 2013).  Hence, I agree that failure to appoint counsel for the Child is reversible error.  I disagree, however, with the Majority's holding that we may raise this issue *sua sponte*.  In my view, we lack the authority to raise the issue *sua sponte*.  Hence, I dissent.

"It is well-established that where the parties in a case fail to preserve an issue for appeal, an appellate court may not address that issue *sua sponte*." ***Johnson v. Lansdale Borough***, 146 A.3d 696, 709 (Pa. 2016) (citation omitted).  There are few exceptions to this rule, *e.g.*, this Court may raise the issue of subject matter jurisdiction *sua sponte*.  ***See Commonwealth v. Parker***, 173 A.3d 294, 296 (Pa. Super. 2017) (citation omitted).

The Majority relies on ***G.K.T.*** in support of its argument that we must vacate the trial court's order in this case.  In ***G.K.T.***, however, the appellant

* Retired Senior Judge assigned to the Superior Court

raised the failure to appoint counsel for the child before this Court. **Id.** at 525. In this case Paternal Grandparents did not raise the issue before this Court. Thus, **G.K.T.** is distinguishable from the case at bar.

The Majority cites **In re X.J.**, 105 A.3d 1 (Pa. Super. 2014), in support of its argument that we may raise the failure to appoint Child counsel *sua sponte*. In **X.J.**, this Court denied an attorney's petition to withdraw as counsel pursuant to **Anders v. California**, 386 U.S. 738 (1967). **X.J.**, 105 A.3d at 4. Thus, this Court had a well-established duty to independently review the record to determine the presence of any issues of arguable merit and this Court raised the trial court's failure to appoint counsel for the mother in the context of discharging that duty. In this case, we do not have a duty to independently review the record to determine if Paternal Grandparents' counsel missed an issue of arguable merit. To the contrary, this Court is forbidden from performing that review. **See Johnson**, 146 A.3d at 709.

The Majority also relies on **In re Adoption of L.B.M.**, 161 A.3d 172 (Pa. 2017). In that case, our Supreme Court held that failure to appoint counsel, separate from the guardian *ad litem*, for children in a contested termination of parental rights case is structural error. **See id.** at 183. In **L.B.M.**, however, our Supreme Court did not address an appellate court's authority to raise the appointment issue *sua sponte*. Instead, the issue was raised by the parties. **See** Brief of Guardian *Ad Litem*, 2016 WL 4421262, *3.

Hence, **L.B.M.** does not support *sua sponte* review as the Majority attempts to suggest.

The underlying premise of the Majority's argument is that we may raise any structural error *sua sponte*. Since our Supreme Court characterized failure to appoint counsel for a child in a contested termination case as structural error, the Majority reasons that we may raise the failure to appoint counsel for Child in this case *sua sponte*. I disagree with this premise. Our Supreme Court has previously found that a defendant can waive a structural error. **See Commonwealth v. Rega**, 70 A.3d 777, 786–787 (Pa. 2013) (citation omitted). Such a finding indicates that this Court may not raise any structural error *sua sponte* because, if we can raise an issue *sua sponte*, it is *ipso facto* impossible to waive that issue. Because structural errors can be waived, this Court cannot raise every structural error *sua sponte*.

Structural errors comprise a category of procedural defects which, if raised, entitle a litigant to relief without resort to harmless error analysis – they say nothing about the authority of appellate courts to raise the issue *sua sponte*. Combined, several cases illustrate this point. A violation of the right to a public trial is a structural error. **Weaver v. Massachusetts**, 137 S.Ct. 1899, 1910 (2017). Nonetheless, a defendant can waive the right to a public trial. **Rega**, 70 A.3d at 786–787, *citing* **Peretz v. United States**, 501 U.S. 923, 936 (1991). As the Supreme Court of the United States explained in **Weaver**, "in the case of a structural error where there is an objection at trial

**and the issue is raised** on direct appeal, the defendant generally is entitled to automatic reversal regardless of the error's actual effect on the outcome." **Weaver**, 137 S.Ct at 1910, *citing* **Neder v. United States**, 527 U.S. 1, 7 (1999).[1]  Therefore, labeling an error structural only prevents an appellate court from finding the error harmless if the appellant raises the issue.  It does not imply that an appellate court may raise the issue *sua sponte*.  Instead, only the Supreme Court of the United States or our Supreme Court may decide that an appellate court can raise a type of error *sua sponte*.  As the Majority concedes, that has not occurred in this context.

I sympathize with the result reached by the Majority in this case.  Child, an innocent party, was denied his statutory right to counsel in this contested termination of parental rights proceeding.  Nonetheless, this error did not deprive the trial court's subject matter jurisdiction.  In the future, our Supreme Court may decide that an appellate court may raise a trial court's failure to appoint counsel for a child in a contested termination case *sua sponte*.  As it has not done so yet, this intermediate appellate court is bound

---

[1] Not only did Paternal Grandparents fail to raise the issue of failure to appoint counsel for Child before this Court, Paternal Grandparents failed to raise the issue before the trial court.  An *en banc* panel of this Court is currently considering whether, when a party does not object to the trial court's failure to appoint counsel separate from the guardian *ad litem* in a contested termination proceeding, but raises the issue on appeal, the issue is waived. **See In re K.R.**, 692 WDA 2017.

by our Supreme Court's repeated admonishments not to raise issues *sua sponte*.

As I believe that this Court lacks the authority to raise the issue *sua sponte*, I turn to the merits of the issues raised by Paternal Grandparents. After careful consideration of the certified record and the parties' submissions, I conclude that Paternal Grandparents are not entitled to relief. The trial court's factual findings regarding barriers erected by Paternal Grandmother is supported by the record, and this Court is bound by that determination. Moreover, the trial court's legal conclusion that Paternal Grandparents failed to prove the requirements of section 2511(a)(1) by clear and convincing evidence is free of legal error. As Paternal Grandparents failed to prove by clear and convincing evidence the grounds for termination in section 2511(a)(1), I need not address their third issue on appeal. Even assuming *arguendo* that termination of Mother's parental rights is in Child's best interest under section 2511(b), the trial court could not terminate Mother's parental rights unless it found that section 2511(a)(1) was satisfied. Accordingly, I would affirm the trial court's order denying Paternal Grandparent's petition to involuntarily terminate Mother's parental rights as to Child.

I respectfully dissent.