J-E02009-18

2019 PA Super 48

| IN THE INTEREST OF: S.U., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| APPEAL OF: R.U., FATHER | No. 888 MDA 2017 |

Appeal from the Orders Entered May 4, 2017
In the Court of Common Pleas of Lancaster County
Juvenile Division at No: CP-36-DP-0000083-2017

BEFORE: GANTMAN, P.J., BENDER, P.J.E., PANELLA, SHOGAN, LAZARUS, STABILE, and DUBOW, NICHOLS, and McLAUGHLIN, JJ.

DISSENTING OPINION BY STABILE, J.: **FILED FEBRUARY 21, 2019**

Presently at issue is a parent's statutory right to counsel in a dependency proceeding. Because I believe the trial court failed to enforce that right according to its plain statutory terms, I respectfully dissent.

On April 12, 2017, the trial court entered an order appointing counsel to represent Appellant, R.U. ("Father"), at a shelter care hearing. An attached notice informed Father that appointed counsel would represent him at the shelter care hearing only, and provided Father an address and telephone number he could use to seek further legal representation. The April 12, 2017 order indicates that it was served on Father and Father's appointed counsel. Counsel appeared at the April 18, 2017 shelter care hearing, but Father did not. Counsel then successfully moved for withdrawal but did not inform Father. At oral argument before this Court, counsel represented that she

believed the Lancaster County Children and Youth Social Service Agency would notify Father of her withdrawal. The May 1, 2017 shelter care order notified Father that his counsel had withdrawn and directed Father to make an appointment at the Office of Bail Administration if he wished to have counsel at the next scheduled hearing. Father could not have made any such appointment, because the next scheduled hearing took place **the following morning**, at 8:30 a.m. on May 2, 2017. Father failed to attend the May 2, 2017 hearing,[1] no counsel appeared on Father's behalf, and the trial court entered the orders presently on appeal. In these circumstances, I would conclude that the trial court failed to enforce Father's statutory right to counsel.[2]

---

[1] The record reflects that caseworker Courtney Ross spoke to Father on the evening of May 1, 2017 about the hearing the following morning. N.T. 5/2/17, at 9-10. She stated that both parents told her they would attend and arrive early to speak further with Ross about the case. *Id.* The Majority, at footnote 11, writes that Ross notified Father of the hearing. Majority Opinion at 17 n.11. The Majority's footnote is deceptive insofar as it fails to note that the meeting between Ross and Father took place the night before the hearing. More to the point, Ross did not state whether she spoke to Father about his counsel's withdrawal. The record does not establish that Father was aware of counsel's withdrawal any earlier than May 1, 2017, assuming he read the court's notice.

[2] We may raise this issue *sua sponte*. *See In re X.J.*, 105 A.3d 1, 4 (Pa. Super. 2014) (holding that, in a termination case, "when a party was denied [his] right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte*"). Additionally, we note that the same attorney who withdrew earlier in these proceedings now represents Father on appeal. Thus, there was no attorney representing Father who could have challenged the propriety of counsel's earlier withdrawal from the case. *See*

I believe the plain language of 42 Pa.C.S.A. § 6337, read in conjunction with the applicable procedural rules,[3] is dispositive. "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b).

> The purpose of statutory interpretation is to ascertain the General Assembly's intent and give it effect. In discerning that intent, the court first resorts to the language of the statute itself. If the language of the statute clearly and unambiguously sets forth the legislative intent, it is the duty of the court to apply that intent to the case at hand and not look beyond the statutory language to ascertain its meaning. Relatedly, it is well established that resort to the rules of statutory construction is to be made only when there is an ambiguity in the provision.

_____

***In re T.S.***, 192 A.3d 1080, 1087 (Pa. 2018) (finding no waiver of a statutory right to counsel issue where there was no attorney who could have raised the issue, and the children could not have done so themselves).

[3] Rule 1151(E) of the Rules of Juvenile Court Procedure provides:

> **E. Counsel for other parties.** If counsel does not enter an appearance for a party, the court shall inform the party of the right to counsel prior to any proceeding. If counsel is requested by a party in any case, the court shall assign counsel for the party if the party is without financial resources or otherwise unable to employ counsel. Counsel shall be appointed prior to the first court proceeding.

Pa.R.J.C.P. 1151(E). The Comment to Rule 1151 provides that "it is extremely important that every 'guardian' has an attorney." Pa.R.J.C.P. 1151, comment. Rule 1152 provides that a parent's waiver of the right to counsel must be knowing, intelligent, and voluntary, and may occur only after an on-the-record colloquy. Pa.R.J.C.P. 1152(B).

***In re Adoption of L.B.M.***, 161 A.3d 172, 179 (Pa. 2017) (internal citations and quotation marks omitted).

The first sentence of Section 6337[4] gives a party a statutory right to counsel at all stages of a dependency proceeding. That right is not conditioned on a party's request or a party's appearance at a proceeding. The second sentence of Section 6337 requires the court to ascertain whether a parent who appears at a proceeding unrepresented is aware of the right to counsel. It does not, either expressly or impliedly, require a parent to appear at a proceeding before the right to counsel attaches. Section 6337 is silent on the effect of a party's failure to appear at a proceeding.

---

[4] Section 6337 provides:

> Except as provided under this section and in section 6311 (relating to guardian ad litem for child in court proceedings), a party is entitled to representation by legal counsel at all stages of any proceedings under this chapter and if he is without financial resources or otherwise unable to employ counsel, to have the court provide counsel for him. If a party other than a child appears at a hearing without counsel the court shall ascertain whether he knows of his right thereto and to be provided with counsel by the court if applicable. The court may continue the proceeding to enable a party to obtain counsel. Except as provided under section 6337.1 (relating to right to counsel for children in dependency and delinquency proceedings), counsel must be provided for a child. If the interests of two or more parties may conflict, separate counsel shall be provided for each of them.

42 Pa.C.S.A. § 6337.

Rule 1151(E) governs the trial court's obligations when no counsel enters an appearance for a party, or when an unrepresented party requests counsel. Neither scenario occurred here. Rather, appointed counsel entered an appearance on Father's behalf prior to the first proceeding. The Majority's reliance on and analysis of Rule 1151(E) is therefore misplaced. Rule 1151(E), like Section 6337, is silent on the effect of a parent's failure to appear or request counsel. All three sentences of Rule 1151(E) state what the court "shall" do. *See*, *e.g.*, *L.B.M.*, 161 A.3d at 179 (noting that the use of "shall" in 23 Pa.C.S.A. § 2313(a) of the Domestic Code was an unambiguous mandate). Rule 1151(E) imposes obligations on the court, not a party.

The real issue in this case is the propriety and the procedure regarding counsel's withdrawal after only one proceeding. Rule 1152, governing waiver of the right to counsel, does not state that a parent's failure to appear at a proceeding or procure counsel for a subsequent proceeding, in accordance with the instructions of a preprinted document, constitutes a knowing, intentional, and voluntary waiver of the right to counsel. Rather, the official comment to Rule 1152 recommends inquiry into whether (1) the party understands the right to counsel; (2) whether the party understands the dependency allegations; (3) whether the party is aware of the potential outcomes of a dependency proceeding; (4) whether the party understands that he or she must obey the rules of procedure regardless of the presence or absence of counsel; (5) whether the party understands that counsel may be

better suited to defend the party against the allegations; and (6) whether the party understands the potential to waive rights and objections. Pa.R.J.C.P. 1152, comment. I understand that the official comment to a Rule is nonbinding, but I find it very problematic that Father's failure to comply with the trial court's notices provides no answers to **any** of these six questions.[5] Because Rule 1152 imposes an affirmative obligation on the court to determine whether a parent's waiver of counsel is knowing, intelligent, and voluntary, it is clear that no valid waiver of counsel occurred in this case.

In summary, the trial court failed to enforce Father's statutory right to counsel according to the plain statutory terms, and failed to conduct a valid waiver colloquy. Instead, the trial court elevated local practice over statutory law. This Court must not condone local practices that subvert statutory rights.

Furthermore, I disagree with the Majority's prompt resolution analysis. Majority Opinion at 18 (citing 42 Pa.C.S.A. § 6351(e)(3), Pa.R.J.C.P. 1404(A), 1409(B), and 1510). Proper enforcement of Father's right to counsel would not have delayed this proceeding. Had Father's appointed counsel remained on the case she could have represented Father's interests at the May 2, 2017 hearing, regardless of his presence or absence. In the meantime, the court could have instructed counsel to attempt to contact Father, and act accordingly in response to counsel's report on Father. This would have

---

[5] As I noted above, there is no indication that Father could have known of his counsel's withdrawal prior to the May 1, 2017 notice.

protected Father's statutory right to counsel with no attendant delay. If appropriate, the trial court could have issued orders identical to those on appeal at the conclusion of the May 2, 2017 hearing with or without Father's participation. Again, the real issue, insofar as Father's right to counsel is concerned, is the trial court's lack of statutory authority to permit counsel's withdrawal on the facts before us. The Majority's conclusion that the trial court would have had to await Father's action apparently rests on its misreading of Rule 1151(E). As I explained above, that Rule imposes obligations on the trial court, not a party, and it does not govern here because counsel was appointed and entered an appearance prior to the first proceeding.

Finally, I note that the United States Supreme Court has recognized that "[t]he fundamental liberty interest of natural parents in the care, custody, and management of their child does not evaporate simply because they have not been model parents or have lost temporary custody of their child to the State." **Santosky v. Kramer**, 455 U.S. 745, 753 (1982).

> Even when blood relationships are strained, parents retain a vital interest in preventing the irretrievable destruction of their family life. If anything, persons faced with forced dissolution of their parental rights have a more critical need for procedural protections than do those resisting state intervention into ongoing family affairs. When the State moves to destroy weakened familial bonds, it must provide the parents with fundamentally fair procedures.

*Id.* at 753–54.[6]

Likewise, the Pennsylvania Supreme Court has recognized the paramount importance of the right to counsel where family unity is at stake. In *L.B.M.*, the Court recognized that a child has a right, in a contested termination of parental rights proceeding, to have counsel to advocate for the child's legal interests, which can be distinct from a guardian's assessment of the child's best interests. *L.B.M.*, 161 A.3d at 180. Notably, the *L.B.M.* Court recognized the importance of enforcing the clear language of a statutory right to counsel despite the associated costs and delays. *Id.* at 181; *see also In re T.S.*, 192 A.3d 1080 (Pa. 2018) (holding that the same person can represent the child's legal and best interests where there is no divergence between the two).

I recognize that this is not a termination proceeding, and that the stakes in a termination proceeding are much more serious than those of a dependency proceeding. *See T.S.*, 192 A.3d at 1095 (Donohue, J. concurring and dissenting). Nonetheless, the outcome here—changing S.U.'s permanency goal to adoption, terminating Father's visitation, and ceasing all

---

[6]   While my conclusion does not rest on fundamental fairness, I cannot conceive of any grounds on which the trial court's May 1, 2017 notice— informing Father for the first time of prior counsel's withdrawal and advising him of the need to procure new counsel **by 8:30 a.m. the following morning**—could be considered fundamentally fair.

reunification efforts—creates potentially insurmountable obstacles to Father's efforts to avoid termination of his parental rights.

It is inescapable that Section 6337, in tandem with Rules 1151(E) and 1152, creates a right to counsel for all stages of a dependency proceeding. Rule 1152 governs waiver of that right. **L.B.M.** and **T.S.**, as well as the rules of statutory construction, teach that we must enforce a statutory right to counsel according to its terms. Because the law did not authorize the trial court to permit counsel to withdraw under the circumstances here present, and because Father did not waive his right to counsel, I would vacate the trial court's orders and remand for further proceedings.

I respectfully dissent.

Judge Shogan joins the dissenting opinion.