J-S01032-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ADOPTION OF: J.P., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: J.P., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1333 MDA 2023 |

Appeal from the Decree Entered August 30, 2023
In the Court of Common Pleas of Cumberland County Orphans' Court at
No(s):  020-ADOPT-2023

BEFORE:   PANELLA, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

DISSENTING STATEMENT BY COLINS, J.:          **FILED: MAY 28, 2024**

I respectfully dissent.  While I agree with the Majority's analysis with respect to Section 2511(a) of the Adoption Act, 23 Pa.C.S. § 2511(a), I do not believe that we can affirm the orphans' court order terminating Mother's parental rights where the court did not analyze the bond between Mother and Child as required by Section 2511(b) and our Supreme Court.

Mother's counsel did not raise the adequacy of the parent-child bond on appeal, but, because counsel filed an application to withdraw and **Anders** brief, we must "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel."  **In re Adoption of B.G.S.**, 240 A.3d 658, 662 (Pa. Super. 2020) (citation omitted); **see also In re X.J.**, 105 A.3d 1, 4 (Pa. Super. 2014).

_____

[*] Retired Senior Judge assigned to the Superior Court.

In ***In the Interest of K.T.***, 296 A.3d 1085 (Pa. 2023), our Supreme Court recently emphasized, based on its long-standing precedent, that an orphans' court "**must** conduct an analysis" of the bond a child shares with his parent, if any such bond exists. ***Id.*** at 1106 (emphasis added); ***accord In re T.S.M.***, 71 A.3d 251, 267 (Pa. 2013); ***In the Matter of Adoption of L.C.J.W.***, 311 A.3d 41, 52 (Pa. Super. 2024). Here, the trial court quite plainly did not conduct a bond analysis either at the termination hearing or in its opinion. Furthermore, there was evidence presented of a positive bond between Mother and Child,[1] and therefore I do not believe that either the orphans' court or this Court may assume that there is no parent-child bond in this case.

Accordingly, unlike my esteemed colleagues, I would not affirm but rather remand to require the orphans' court to conduct the required bond-effect analysis and, if necessary and at the discretion of the lower court, hold a hearing to allow the presentation of any additional evidence as to that bond.[2]

---

[1] At the August 29, 2023 termination hearing, the foster mother testified that Child "gets excited" before visits with Mother and upset if Mother did not show up, and the foster mother believed that Child enjoyed visits with Mother. N.T., 8/29/23, at 46, 49. Mother testified that her visits with Child are "a hundred percent awesome" and Child expresses to her that they "have a good relationship." ***Id.*** at 89-90. The ABC visitation supervisor and director testified that Mother had more "positive interactions" with Child when she visited with him one-on-one, as opposed to when his older brother, G.P., who has an autism diagnosis, was also present. ***Id.*** at 31-32, 39.

[2] While generally we remand for the preparation of an advocate's brief where ***Anders*** counsel has neglected to raise a non-frivolous issue, in the interest of
*(Footnote Continued Next Page)*

I do not propose this result lightly, as I recognize that it would delay Child's urgent need for permanency. Nevertheless, I feel that this result is compelled where our Supreme Court has plainly indicated that the bond-effect analysis is a mandatory portion of the broader Section 2511(b) inquiry. **See K.T.**, 296 A.3d at 1113 n.28 (majority opinion noting agreement with dissent that "the parent-child bond and the impact of severance" is a "mandatory factor[]" under Section 2511(b)).

_____

expediting this matter I would remand directly to all the orphans' court to conduct the necessary analysis.