J-S10019-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: E.L.D., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: A.R., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1802 MDA 2019 |

Appeal from the Decree Entered October 3, 2019,
in the Court of Common Pleas of York County,
Orphans' Court at No(s):  2019-0106a.

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:     **FILED: APRIL 20, 2020**

A.R. (Mother) appeals from the decree terminating her parental rights to her 4-year-old son E.L.D. (Child) under the Adoption Act.[1] ***See*** 23 Pa.C.S.A. § 2511(a)(1), (2), (5), (8) and (b).  Mother's counsel has filed an application to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  After review, we conclude that Mother's counsel complied with the procedural requirements necessary to withdraw.  Furthermore, after independently reviewing the record, we conclude that the appeal is wholly frivolous.  We

_____

[1] In a separate appeal, also before this panel, Mother also challenges the termination of her other 4-year-old son J.M.D.; the children are twins.  ***See*** 1803 MDA 2019.  In both cases, the court also terminated the rights of M.A.D., Sr. (Father), who does not appeal either case.

grant counsel's application to withdraw and affirm the decree terminating Mother's parental rights.

Child was born in 2015. The York County Office of Children, Youth and Families (the Agency) became involved with the family in early 2018. The reasons included ongoing domestic violence, Mother's mental health, unstable living conditions, parenting concerns and lack of supervision. Child was placed in foster care on August 31, 2018. A shelter care hearing was held on September 4, 2018, and Child was adjudicated dependent on September 26, 2018. After Mother made minimal progress over the course of 12 months, the Agency filed a petition to terminate Mother's rights. The orphans' court held a hearing on September 10, 2019 and granted the Agency's petition. This timely appeal followed.

Mother's counsel raises two issues in her *Anders* brief:

1. Whether the court abused its discretion in finding that [the Agency] established by clear and convincing evidence that the statutory grounds existed to justify terminating the parental rights of [Mother] pursuant to 23 Pa.C.S.A. § 2511(a)(2), (5), and (8).

2. Whether the [orphans'] court made an error of law or abused its discretion in concluding that an involuntary termination of parental rights of [Mother] would best serve the needs and welfare of [Child] pursuant to Section 2511(b) of the Adoption Act.

*Anders* Brief at 4.

Initially, because counsel filed a petition to withdraw and an *Anders* brief, "this Court may not review the merits of the underlying issues without

first passing on the request to withdraw." ***Commonwealth v. Daniels***, 999 A.2d 590, 593 (Pa. Super. 2010) (citing ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc)* (citation omitted)). This Court extended the ***Anders*** principles to appeals involving the termination of parental rights. ***In re X.J.***, 105 A.3d 1, 3 (Pa. Super. 2014) (citation omitted).

In order for counsel to withdraw from an appeal pursuant to ***Anders***, certain requirements must be met. In the ***Anders*** brief, counsel must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Id.*** (quoting ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).

> Additionally, pursuant to ***Commonwealth v. Millisock***, 873 A.2d 748 (Pa. Super. 2005) and its progeny, "[c]ounsel also must provide a copy of the ***Anders*** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the ***Anders*** brief."

***Commonwealth v. Orellana***, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted).

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *In re X.J.*, 105 A.3d at 4 (citing *Commonwealth v. Goodwin*, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*) (further citation omitted). Furthermore, this Court's independent review must also "discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnote omitted). *Flowers* does not require us "to act as counsel or otherwise advocate on behalf of a party." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*). "Rather, it requires us only to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Id.*

Preliminarily, we find counsel has substantially complied with the technical requirements to withdraw. *See Commonwealth v. Reid*, 117 A.3d 777, 781 (Pa. Super. 2015) (observing that substantial compliance with the *Anders* requirements is sufficient). We now turn to merits of the issues raised and examine whether this appeal is wholly frivolous.

We review an order involuntarily terminating parental rights for an abuse of discretion. *In re G.M.S.*, 193 A.3d 395, 399 (Pa. Super. 2018) (citation omitted). "The party seeking termination must prove by clear and convincing evidence that the parent's conduct satisfies the statutory

grounds for termination[.]" ***In re Adoption of J.N.M.***, 177 A.3d 937, 942 (Pa. Super. 2018), *appeal denied*, 183 A.3d 979 (Pa. 2018) (citation omitted).

The first issue raised in counsel's ***Anders*** brief is whether the trial court erred in concluding that the requirements of Section 2511(a) were satisfied. "In order to affirm the termination of parental rights, this Court need only agree with any one subsection under Section 2511(a)." ***In re Interest of D.F.***, 165 A.3d 960, 966 (Pa. Super. 2017), *appeal denied*, 170 A.3d 991 (Pa. 2017) (citation omitted). The orphans' court found that the requirements of sections 2511(a)(1)(2), (5), and (8) were satisfied.

We focus our attention on Section 2511(a)(2), which provides in relevant part:

> **§ 2511. Grounds for involuntary termination**
>
> **(a) General rule.**--The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:
>
> * * *
>
> (2) The repeated and continued incapacity, abuse, neglect or refusal of the parent has caused the child to be without essential parental care, control or subsistence necessary for his physical or mental well-being and the conditions and causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied by the parent.

23 Pa.C.S.A. §2511(a)(2).

To satisfy the requirements of Section 2511(a)(2), the moving party must prove "(1) repeated and continued incapacity, abuse, neglect or refusal; (2) that such incapacity, abuse, neglect or refusal caused the child to be

without essential parental care, control or subsistence; and (3) that the causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied." *In re C.M.K.*, 203 A.3d 258, 262 (Pa. Super. 2019) (citation omitted).

In this case, the orphans' court concluded that Mother did not have the ability to change or improve her situation or parenting. Specifically, Mother submitted to a parenting capacity evaluation, which concluded that Mother did not have the intellectual capacity to parent on her own. Mother engaged in parenting classes and individual therapy to overcome this obstacle, but they were to no avail. For instance, Mother and Father visited with Child; when Father left, Mother became too overwhelmed to continue with the visit.

To that end, Mother's dependence on Father was alarming, considering the toxic relationship between the parents. The significant domestic violence between the parents was an ongoing issue throughout this case, including the day of the termination hearing. To illustrate, five days prior to the termination hearing, service provider Tahami Samphilipo helped Mother move in with Mother's sister to avoid Father's abuse. One the day of the termination hearing, Ms. Samphilipo went to the sister's house to give Mother a ride to the hearing, only to discover that Mother returned to Father. Additionally, Regina Pike, another service provider, testified that the ongoing violence created a chronic crisis. The court determined that this violence created "a toxic and unsafe space for [Child]."

We agree the Agency provided sufficient evidence to terminate Mother's rights pursuant to Section 2511(a)(2). Mother's inability to parent has caused

Child to be without parental care, and she has demonstrated that she either cannot or will not remedy this inability.

We next consider whether the Agency proved the requirements of Section 2511(b). That section provides:

> **(b) Other considerations.**--The court in terminating the rights of a parent shall give primary consideration to the developmental, physical and emotional needs and welfare of the child. The rights of a parent shall not be terminated solely on the basis of environmental factors such as inadequate housing, furnishings, income, clothing and medical care if found to be beyond the control of the parent. With respect to any petition filed pursuant to subsection (a)(1), (6) or (8), the court shall not consider any efforts by the parent to remedy the conditions described therein which are first initiated subsequent to the giving of notice of the filing of the petition.

23 Pa.C.S.A. §2511(b).

When examining the needs and welfare of the child under this section, the court must consider the nature and status of the emotional bond between parent and child. *See C.M.K.*, 203 A.3d 258, 262 (Pa. Super. 2019) (citation omitted). The court must pay close attention to whether permanently severing the bond will have a negative the effect on the child. *See id.* (citation omitted). The bond question is not simply whether one exists, but whether the bond is worth saving.

As we have said:

> While a parent's emotional bond with his or her child is a major aspect of the subsection 2511(b) best-interest analysis, it is nonetheless only one of many factors to be considered by the court when determining what is in the best interest of the child. The mere existence of an

emotional bond does not preclude the termination of parental rights. Rather, the orphans' court must examine the status of the bond to determine whether its termination would destroy an existing, necessary and beneficial relationship.

*In re N.A.M.*, 33 A.3d 95, 103 (Pa. Super. 2011) (quotations and citations omitted).

In the instant case, all parties acknowledge that there is a bond between Mother and Child. However, that bond is demonstrably unhealthy. At the time of the termination hearing, Child had lived with the foster parents for just over a year. When Child came into foster care, he was developmental delayed. Child had difficulty eating food because he had 15 cavities. Child would eat out of trash cans and try to eat rocks. Child spoke very little when he came into foster care. Child was not potty-trained. While in foster care, Child has thrived and many of the health and developmental concerns have been alleviated. After visits with Mother, Child would regress and throw tantrums.

Given these facts, we conclude the Agency presented sufficient evidence to warrant termination under Section 2511(b). While Child knows and recognizes Mother, it is clear termination best serves his needs and welfare. Termination would not sever a beneficial relationship, but instead would provide Child with essential stability and permanency.

In sum, we conclude that both issues raised in counsel's **Anders** brief are wholly frivolous.

Next, we conduct an independent review of the entire record to discern whether any other issue of arguable merit exists. **See Flowers**, **supra**. In doing so, we note that Mother's counsel failed to appeal one of the four grounds upon which termination was granted under 23 Pa.C.S.A. § 2511(a).

In this matter, the Agency petitioned to terminate under four sections under the Adoption Act, namely, 23 Pa.C.S.A. § 2511(a)(1), (2), (5), and (8). The orphans' court granted the petition under all four sections. Counsel's **Anders** Brief raised Section 2511(a)(2), (5), and (8), but omitted Section 2511(a)(1). Although counsel's oversight is significant, it does not warrant relief under our **Anders** protocol.

As we mentioned above, when this Court discovers a **non-frivolous** issue, we will deny the petition to withdraw and remand for the filing of an advocate's brief. **See Tukhi**, 149 A.3d 881, 886 (Pa. Super. 2016). Notably, this Court may affirm the trial court's decision regarding the termination of parental rights with regard to any one subsection of Section 2511(a). **See In re B.L.W.**, 843 A.2d 380, 384 (Pa. Super. 2004) (*en banc*). Thus, even if we remanded for an advocate's brief, and even if Mother proved successful in her challenge under Section 2511(a)(1), termination would still be warranted under Section 2511(a)(2). Consequently, we cannot conclude that counsel's failure to challenge the termination under Section 2511(a)(1) constitutes a non-frivolous issue under the facts of this case.

Having determined that the issues raised on appeal are wholly frivolous and that no other issue would have arguable merit, we grant counsel's request to withdraw and affirm the decree terminating Mother's parental rights.

Application to withdraw as counsel granted. Decree affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/20/2020