J-S14016-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE ADOPTION OF: CHILD, R.S | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: R.S, FATHER | : | |
| AND C.D., MOTHER | : | No. 1493 WDA 2021 |

Appeal from the Decrees Entered November 19, 2021
In the Court of Common Pleas of Fayette County Orphans' Court at
No(s):  No. 34 Adopt 2021

BEFORE:     McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McCAFFERY, J.:                    **FILED:  June 15, 2022**

R.S. (Father) and C.D. (Mother) (collectively, the Parents) appeal from the decrees entered in the Fayette County Court of Common Pleas, Orphans' Court, involuntarily terminating their parental rights to their son, R.S. (Child), born in February 2020.[1]  Parents' attorney, James Natale, Esquire (Counsel),

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Although the orphans' court issued separate decrees, counsel filed one notice of appeal on behalf of both Parents.  We note that because this appeal involves only one trial docket, **_Commonwealth v. Walker_**, 185 A.3d 969 (Pa. 2018), is not implicated.  **_See Walker_**, 185 A.3d at 977 ("Rule 341(a) . . . require[s] that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed.").

Additionally, we note Counsel does not raise any issue concerning his representation of both parents, who are not married and appear to be living separately.  While 23 Pa.C.S. § 2313(a.1) provides, "The court shall appoint counsel for **a parent** . . . in an involuntary termination proceeding if . . . the court determines that the parent is unable to pay for counsel or if payment would result in substantial financial hardship," the statute is silent as to

*(Footnote Continued Next Page)*

has filed a petition to withdraw and accompanying brief, pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). As Counsel's *Anders* brief does not address 23 Pa.C.S. § 2511(b), the child's best interests, we deny the petition and direct him to file either a compliant *Anders* brief or an advocate's brief.

In light of our disposition, a detailed review of the evidence presented at the termination hearing is not necessary at this time. We summarize that Mother and Father are not married. Child "was born on February 3, 2020, testing positive for opiates, fentanyl, and cocaine[.]" Orphans' Ct. Op., 2/14/22, at 1. Child was adjudicated dependent on February 13th, when he was 10 days old, and placed with a foster family, where he has remained. *Id.*

Fayette County Children and Youth Services (CYS) established the following permanency plan goals for Parents:

> cooperation with [CYS], mental health evaluation, and treatment, if necessary, drug and alcohol evaluation and recommended treatment, parenting classes, maintain[ing] a bond with [C]hild through visitation, and domestic violence counseling. . . .

---

whether each parent is entitled to separate counsel when both parents' rights are subject to termination. *See* 23 Pa.C.S. § 2313(a.1) (emphasis added). We have also not discovered any case authority addressing this particular question. *But see In re K.R.*, 200 A.3d 969, 984 (Pa. Super. 2018) (*en banc*) (where a child's **legal** and **best** interests do not diverge in a termination proceeding, an attorney-guardian *ad litem* may represent both and fulfill the role of the attorney required under § 2313(a) to represent the child's legal interests; but where there is a conflict between a child's legal and best interests, an attorney-guardian *ad litem* cannot simultaneously represent both, and a separate attorney shall be appointed to represent the child's legal interests).

Orphans' Ct. Op. at 2.

On April 28, 2021, when Child was almost 15 months old, CYS filed petitions for the involuntary termination of both Mother's and Father's parental rights pursuant to 23 Pa.C.S. § 2511(a)(1), (2), (5), (8), and (b). The orphans' court conducted evidentiary hearings on October 14 and November 19, 2021. Parents were represented by Counsel and appeared at the first hearing only. Counsel requested a continuance of the second hearing, later stating he intended to call both Parents to testify. N.T., 11/19/21, at 2, 49. The court denied a continuance, reasoning Parents had notice of the hearing. CYS presented the testimony of four caseworkers who were involved in this matter, as well as employees of the Fayette County Drug and Alcohol Commission. Their testimony tended to show Parents were not cooperative, rarely met with CYS caseworkers and service providers, failed to complete any of their goals, and attended 36 of 76 visits with Child, "often [while] impaired." Orphans' Ct. Op. at 2. Parents' last visit with Child was in July of 2021.[2] *Id.* at 3. Meanwhile, Father's second cousin, who has adopted Father's older child

_____

[2] Furthermore, at the time of the November 2021 hearing, Father had "a pending retail theft charge[,]" charges of possessing cocaine and paraphernalia, and separate charges of "possessing heroin stamp bags and driving under suspension DUI related. Mother [had] pending charges of retail theft, DUI, and possession of" controlled substances. Orphans' Ct. Op. at 5. Both Parents also had active arrest warrants. *Id.*

and has hosted and supervised parental visits, testified as Parents' only witness. Neither Parent testified.

At the end of the November 19, 2021, hearing the orphans' court granted CYS's petition to terminate Parents' parental rights pursuant to 23 Pa.C.S. § 2511(a)(1), (2), (5), (8), and (b). Parents timely filed a notice of appeal and a Pa.R.A.P. 1925(a)(2)(i) concise statement of matters complained of on appeal. Counsel has filed with this Court an **Anders** petition to withdraw and brief.

This Court has explained:

> When counsel files an **Anders** brief, this Court may not review the merits without first addressing counsel's request to withdraw. [T]his Court [has] extended the **Anders** principles to appeals involving the termination of parental rights. . . .

**In re X.J.**, 105 A.3d 1, 3 (Pa. Super. 2014) (citations omitted).

In **Santiago**, our Supreme Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> Additionally, . . . "[c]ounsel also must provide a copy of the **Anders** brief to his client[, along with] a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of

> the court[']s attention in addition to the points raised by counsel in the **Anders** brief."

> "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous."

*In re X.J.*, 105 A.3d at 3-4, *quoting*, *inter alia*, **Santiago,** 978 A.2d at 361.

**Santiago**, 978 A.2d at 361 (paragraph breaks inserted).

In his petition to withdraw, Counsel states he made a thorough review and conscientious examination of the record, and determined Parents' appeals would be frivolous. Counsel has attached copies of the separate letters he sent to each Parent, which indicated that he enclosed a copy of the petition to withdraw and **Anders** brief. In the letter, Counsel advised Parents they may retain new counsel or proceed *pro se* and raise any additional points they deem worthy of this Court's attention. Counsel's petition complies with the technical requirements of **Anders**. **See In re X.J.**, 105 A.3d at 4.

However, with respect to Counsel's **Anders** brief, we are constrained to conclude that it is deficient. We first note a trial court must consider, separately, both Subsection 2511(a) and (b):

> Termination of parental rights is controlled by statute. See 23 Pa.C.S.A. § 2511[.] Our case law has made clear that under Section 2511, the court must engage in a bifurcated process prior to terminating parental rights. Initially, the focus is on the conduct of the parent. The party seeking termination must prove by clear and convincing evidence that the parent's conduct satisfies the statutory grounds for termination delineated in Section 2511(a).

Only if the court determines that the parent's conduct warrants termination of his or her parental rights does the court engage in the second part of the analysis pursuant to Section 2511(b): determination of the needs and welfare of the child under the standard of best interests of the child. One major aspect of the needs and welfare analysis concerns the nature and status of the emotional bond between parent and child, with close attention paid to the effect on the child of permanently severing any such bond.

*In re L.M.*, 923 A.2d 505, 511 (Pa. Super. 2007) (some citations omitted & paragraph break added).

Counsel's *Anders* brief raises a claim desired by Mother — that the orphans' court erred in denying a continuance of the November 19, 2021, hearing. *Anders* Brief at 10. Counsel then discusses his opinion that such a claim is frivolous. *Id.* (Mother now asserts she was could not attend the hearing because she was in inpatient treatment, but Mother did not notify Counsel, CYS, or the court prior to the hearing.)

Counsel next addresses all of the 2511**(a)** subsections — (1), (2), (5), and (8) — under which the orphans' court found termination was warranted. *Anders* Brief at 13-23. However, Counsel makes no mention of, and does not review, Subsection 2511**(b)**. As stated above, Subsection 2511(a) review is distinct from a Subsection 2511(b) analysis, and both must be proven by clear and convincing evidence. *In re L.M.*, 923 A.2d at 511. By focusing his arguments on the 2511(a) subsections and excluding Subsection 2511(b), we conclude Counsel did not fully perform his duty to "independently search the record as a trained advocate with an eye to uncovering appealable error,

before concluding" Parents' appeal would be frivolous. *See Santiago*, 978 A.2d at 360. We thus conclude the *Anders* brief does not comply with *Santiago*.

Accordingly, we deny Counsel's petition to withdraw and direct Counsel to file, within 30 days of this memorandum, either: (1) an amended *Anders* brief that conforms to the requirements set forth in *Santiago*, *supra*, and discusses, *inter alia*, both Subsections 2511(a) and (b); **or** (2) an advocate's brief on Parents' behalf. CYS and the Child's guardian *ad litem* shall then have 30 days thereafter to file amended briefs, or a letter advising they wish to rely on the briefs already filed.

Counsel's petition to withdraw denied. Counsel is directed to file either an *Anders* brief or an advocate's brief consistent with this memorandum. Panel jurisdiction retained.