J-S14033-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: H.H., A MINOR | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: M.H., FATHER | : : : : : : | |
| | : | No. 42 WDA 2023 |

Appeal from the Decree Entered December 6, 2022
In the Court of Common Pleas of Indiana County Orphans' Court at
No(s):  No. 32-22-0364

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED: MAY 9, 2023**

M.H. (Father) appeals from the decree entered in the Court of Common Pleas of Indiana County (trial court) granting the petition of Indiana County Children and Youth Services (CYS) to involuntarily terminate his parental rights to H.H. (d/o/b March 2020) (Child) pursuant to the Adoption Act, 23 Pa.C.S. § 2511 (a)(8) and (b).[1]  Counsel has filed an application to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967).  We deny counsel's application to withdraw and direct her to file an advocate's brief or amended **Anders** brief.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] R.E. (Mother) voluntarily executed a consent to adoption of Child and is not a party to this appeal.

The relevant procedural history is as follows. CYS took protective custody of Child in May 2020 and he was adjudicated dependent thereafter. Child has remained in foster care since that time. The trial court held regular permanency review hearings thereafter to assess Father's progress on his reunification goals, which primarily related to drug and alcohol treatment, mental health treatment and parenting classes. In May 2022, CYS filed a petition to terminate Father's parental rights, arguing that he had made minimal and insufficient progress toward his goals.

The trial court held a hearing on the petition in November 2022 and heard testimony from Dr. Carolyn Menta, a licensed clinical psychologist; Vicki Weaver, a CYS caseworker; and Father. Following the reception of the evidence, the trial court granted the petition terminating Father's parental rights. Father timely appealed and counsel filed a concurrent statement of her intent to file an *Anders* brief in lieu of a concise statement pursuant to Pa. R.A.P. 1925(b). *See* Pa. R.A.P. 1925(c)(4). She subsequently filed a petition to withdraw and *Anders* brief in this Court.

When presented with an *Anders* brief, we must first address whether counsel has properly sought to withdraw from this appeal. In *In re V.E.*, 611 A.2d 1267 (Pa. Super. 1992), this Court extended *Anders* to appeals involving the termination of parental rights. *See id.* at 1275. Counsel must: 1) petition the court for leave to withdraw, stating that after making a conscientious examination of the record, she has determined that the appeal would be

frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he has the right to retain private counsel or raise additional arguments that he deems worthy of the court's attention. *In re Adoption of B.G.S.*, 240 A.3d 658, 661 (Pa. Super. 2020) (citation omitted). We also review counsel's *Anders* brief for compliance with the requirements under *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), which require the *Anders* brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* (citing *Santiago*, *supra* at 361). Once counsel has submitted a compliant *Anders* brief, we will conduct an independent review of the record to discern if there are any non-frivolous issues that counsel may have, intentionally or mistakenly, omitted or misstated. *See Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Counsel's application to withdraw states that she has reviewed the record and concluded that there are no meritorious grounds for appeal. She has attached letters she sent to Father advising him that she filed the *Anders* brief and application to withdraw and informing him that he has a right to

retain new counsel or proceed *pro se*. These letters also inform Father that she cannot proceed in the matter because there are no meritorious grounds for appeal.

Counsel's application to withdraw and letters to Father misstate the applicable legal standards. Counsel may proceed under ***Anders*** and ***Santiago*** if, after a conscientious review of the record, she concludes that the appeal is frivolous. ***B.G.S.***, ***supra***. Because the appellant is entitled to counsel on direct appeal from a termination of parental rights proceeding, the "wholly frivolous" standard "is a higher standard to prove than showing that something has no merit." ***Commonwealth v. Burwell***, 42 A.3d 1077, 1080 (Pa. Super. 2012) (citation omitted); ***see In re X.J.***, 105 A.3d 1, 4-5 (Pa. Super. 2014) (addressing right to counsel in termination proceedings).

Additionally, our review of counsel's brief reveals that it, too, does not comply with ***Anders*** and ***Santiago***. Again, counsel concludes that there are no meritorious grounds for the appeal, rather than that the appeal is wholly frivolous. She summarizes the facts adduced at the evidentiary hearing but does not discuss the statutory and case law relevant to the decree terminating Father's parental rights under Subsection 2511(a)(8). Rather, she merely "requests this Court to independently review the transcript of proceedings and case file to determine whether any possible error exists." ***Anders*** Brief at 13 (pagination supplied). Her argument related to Section 2511(b) is similarly sparse, including a string cite to several cases without discussing their

holdings or applying them to the facts. Accordingly, we conclude that her brief is inadequate under **Santiago**.

Counsel is directed to file either an advocate's brief or an amended **Anders** brief that complies with **Santiago** within 21 days of the date of this memorandum. The brief shall discuss the relevant law pertaining to Section 2511(a)(8) and (b) and apply that law to the facts of this case. CYS shall have 21 days thereafter to file a supplemental response brief.

Application to withdraw denied. Counsel is directed to file an advocate's brief or an **Anders** brief consistent with this memorandum. Panel jurisdiction retained.