J-A02010-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: E.B.G., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: M.G., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1222 MDA 2023 |

Appeal from the Decree Entered August 4, 2023
In the Court of Common Pleas of Lancaster County Orphans' Court at
No(s): 2023-01104

BEFORE: NICHOLS, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.: **FILED: MARCH 19, 2024**

Appellant M.G. (Mother) appeals from the decree granting the petition filed by the Lancaster County Children and Youth Social Service Agency (the Agency) to involuntarily terminate Mother's parental rights to E.B.G. (Child). Mother's counsel, H. Allison Wright, Esq. (Attorney Wright) has filed an application for leave to withdraw and an **Anders**/**Santiago**[1] brief. After review, we deny Attorney Wright's application to withdraw, vacate the orphans' court's decree terminating Mother's parental rights, and remand for further proceedings consistent with this memorandum.

The orphans' court sets forth the factual and procedural history in this matter in its opinion. **See** Orphans' Ct. Op., 9/22/23, at 1-4. Briefly, the

_____

[1] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009); **see also In re V.E.**, 611 A.2d 1267, 1275 (Pa. Super. 1992) (extending **Anders** to appeals involving the termination of parental rights).

juvenile court adjudicated Child dependent on August 26, 2021. The Agency filed a petition to involuntarily terminate Mother's parental rights on May 2, 2023. The orphans' court scheduled a termination of parental rights hearing for May 30, 2023. During that hearing, Attorney Wright informed the orphans' court that Mother wished to represent herself and requested a continuance. After a brief discussion with Mother and Attorney Wright, the orphans' court continued the termination of parental rights hearing.

On July 25, 2023, the orphans' court held a termination of parental rights hearing. Child was represented by Gina Carnes, Esq. who served both as Child's guardian *ad litem* (GAL) and as Child's legal counsel.[2] At the start of the hearing, Attorney Wright again informed the orphans' court that Mother wished to represent herself. **See** N.T., 7/25/23, at 4-5. The orphans' court asked Mother questions about her decision to represent herself and her understanding of court procedure. **See id.** at 5-6. The orphans' court allowed Mother to represent herself and proceeded with the hearing. **See id.** at 6. At the conclusion of the hearing, the orphans' court held its decision under advisement. **See id.** at 49.

---

[2] At the termination hearing, Attorney Carnes stated that she had determined that there was no conflict between Child's best and legal interests because of Child's young age, and the orphans' court accepted Attorney Carnes' representation that there was no conflict. N.T., 7/25/23, at 48; **see also In re Adoption of K.M.G.**, 240 A.3d 1218, 1236 (Pa. 2020) (stating that where a GAL was appointed to represent both a child's legal and best interests, appellate courts may review *sua sponte* "whether the orphans' court determined that the child's best interests and legal interests did not conflict").

- 2 -

On August 4, 2023, the orphans' court issued a decree concluding that the Agency had presented clear and convincing evidence to support the termination of Mother's parental rights pursuant to 23 Pa.C.S. § 2511(a)(1), (2), (5), and (b). Mother filed a counseled, timely notice of appeal and complied with Pa.R.A.P. 1925(a)(2)(i). The orphans' court issued a Rule 1925(a) opinion explaining its reasons for terminating Mother's parental rights.

On appeal, Attorney Wright has filed a petition to withdraw and an **Anders**/**Santiago** brief that identifies the following issue:

> Whether the [orphans'] court erred in terminating Mother's parental rights to [] Child because the . . . Agency failed to prove by clear and convincing evidence that Mother's parental rights should be terminated under 23 Pa.C.S.[] Section 2511?

**Anders**/**Santiago** Brief at 7 (some formatting altered).

When faced with an **Anders**/**Santiago** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw. **See In re X.J.**, 105 A.3d 1, 3 (Pa. Super. 2014). As this Court has stated:

> To withdraw pursuant to **Anders**, counsel must:
>
> > 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the [**Anders**] brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

With respect to the third requirement of **Anders**, that counsel inform the appellant of his or her rights in light of counsel's withdrawal, this Court has held that counsel must "attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights."

**In re J.D.H.**, 171 A.3d 903, 907 (Pa. Super. 2017) (citations and quotation marks omitted).

Additionally, counsel must file a brief that meets the following requirements established by the Pennsylvania Supreme Court in **Santiago**:

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**X.J.**, 105 A.3d at 3-4 (citation omitted).

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Id.** at 4 (citations omitted). Our independent review is not limited to the issue(s) discussed by counsel, but extends to "additional, non-frivolous issues" that may have been overlooked by counsel. **J.D.H.**, 171 A.3d at 908 (citation omitted). An appeal is frivolous when it "lacks any basis in law or fact." **Santiago**, 978 A.2d at 356 (citation omitted).

Instantly, Attorney Wright has filed an application for leave to withdraw that states that she conscientiously reviewed the record and determined that

the appeal is frivolous. She has also provided this Court with a certificate of service demonstrating that she served Mother with a copy of her *Anders*/*Santiago* brief, application for leave to withdraw, and a letter advising Mother of her right to proceed *pro se* or raise any additional points that Mother deemed worthy of consideration. Additionally, Attorney Wright's *Anders*/*Santiago* brief provides a summary of the essential facts and procedural history of the case. Attorney Wright also sets forth her reasons for concluding that Mother's appeal is frivolous.

However, before reaching the issues identified in the *Anders*/*Santiago* brief or raised in Attorney Wright's motion to withdraw her representation of Mother, we must review *sua sponte* whether Mother knowingly, voluntarily, and intelligently waived her right to counsel. *See X.J.*, 105 A.3d at 4 (reviewing, as part of this Court's independent review of the record, the mother's lack of representation during the termination proceedings).

The *X.J.* Court has explained:

The Adoption Act[3] controls termination of parental rights proceedings. It provides that a court "shall appoint counsel for a parent whose rights are subject to termination in an involuntary termination proceeding if, upon petition of the parent, the court determines that the parent is unable to pay for counsel or if payment would result in substantial financial hardship." [23 Pa.C.S.] § 2313(a.1); *see also In re J.T.*, 983 A.2d 771, 774 (Pa. Super. 2009) (stating, "an indigent parent in a termination of parental rights case has a constitutional right to counsel . . . [and t]he right to counsel in parental termination cases is the right to effective assistance of counsel even though the case is civil in nature[]") (citations omitted). . . . This Court has held that when

---

[3] 23 Pa.C.S. §§ 2101-2938.

a party "was denied [her] right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte* and remand for the PCRA[4] court to correct that mistake." ***Commonwealth v. Stossel***, 17 A.3d 1286, 1290 (Pa.Super.2011). In light of the statutory and constitutional right at stake, we conclude the principle enunciated in ***Stossel*** is appropriate in termination of parental rights cases.

*Id.* (some citations omitted).

The ***Stossel*** Court explained that when a party requests to waive the right to appointed counsel, the court "must ascertain that the [party] understands: (1) his [or her] right to be represented by counsel; (2) that if he [or she] waived this right, he [or she] will still be bound by all normal procedural rules; and (3) that many rights and potential claims may be permanently lost if not timely asserted." ***Stossel***, 17 A.3d at 1289 (citations omitted and formatting altered); ***see also In re C.A.***, 2860 EDA 2019, 2861 EDA 2019, 2020 WL 1900098, at *2-4 (Pa. Super. filed April 17, 2020) (unpublished mem.) (concluding that the mother's waiver of her right to counsel in termination of parental rights and dependency proceedings was knowing, intelligent, and voluntary where the trial court ascertained that the mother "understood that she had the right to be represented by counsel, that she would still be bound by all normal procedural rules despite being *pro se*, and that she needed to make timely objections in order to prevent potential

---

[4] The Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.

claims from being lost" (citations omitted)).[5]

At the July 25, 2023 hearing, the following exchange occurred between Mother and the orphans' court:

> THE COURT: . . . [M]a'am, just so you understand -- and you can have a seat -- the Agency has the burden to present evidence that I should grant their request to terminate your parental rights.
>
> You'll have the opportunity to ask any relevant questions of any witnesses that are called by the Agency. You'll have the opportunity when the Agency's done then to call any witnesses you want me to consider. And after I hear all the evidence I'll make a decision sometime within the next two weeks on the Agency's request.
>
> Now, do you have any witnesses with you that you're planning to call?
>
> [Mother]: I do not.
>
> THE COURT: Okay. Do you understand how the hearing is going to work?
>
> [Mother]: I understand some of it.
>
> THE COURT: Do you have any questions about it?
>
> [Mother]: One question is, I'm not sure when there -- I do have questions. I'm not sure, you know, when to ask them, who to ask. There are times I would talk to them since the last court hearing until this one and all I was told by them and other attorneys that ask your lawyer, and the Agency said that after the hearing that I didn't want to see my lawyer anymore, so then that lawyer -- but they didn't do that before. So I have some questions but mostly I want the chance to speak and explain why --
>
> THE COURT: Okay.
>
> [Mother]: -- why there is no basis for this.

---

[5] **See** Pa.R.A.P. 126(b) (providing that unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

> THE COURT: You'll have the opportunity -- you'll have the opportunity to do that when it's your chance to testify, okay? But do you have any questions on how the hearing is going to work?
>
> [Mother]: No.
>
> THE COURT: Okay. Then [Counsel for the Agency], you may call your first witness.

N.T., 7/25/23, at 5-6.

Based on the record before us, we cannot conclude that Mother's waiver of counsel was voluntary, knowing, or intelligent. *See Stossel*, 17 A.3d at 1289. Here, the on-the-record colloquy does not reflect that Mother understood: (1) that she had the right to be represented by counsel; (2) that if Mother waived that right, she would be held to the same procedural rules as counsel; and (3) that she may lose potential claims if she did not make timely objections. *Compare* N.T., 7/25/23, at 4-6 *with Stossel*, 17 A.3d at 1289 *and C.A.*, 2020 WL 1900098, at \*2-4. Therefore, because we conclude that Mother failed to properly waive her constitutional right to counsel, we are constrained to vacate the orphans' court's decree. *See X.J.*, 105 A.3d at 4, 7; *Stossel*, 17 A.3d at 1290. We remand this case for further proceedings consistent with this memorandum.

Decree vacated. Application for leave to withdraw as counsel denied. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/19/2024