J-S21028-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: S.H., A MINOR | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: D.H., FATHER | : : : : : : | |
| | : | No. 151 EDA 2024 |

Appeal from the Order Entered December 12, 2023
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s):  CP-51-DP-0000905-2021

| | | |
|---|---|---|
| IN THE INTEREST OF: S.B.H., A MINOR | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: D.H., FATHER | : : : : : : | |
| | : | No. 152 EDA 2024 |

Appeal from the Decree Entered December 12, 2023
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s):  CP-51-AP-0000290-2023

BEFORE:  LAZARUS, P.J., NICHOLS, J., and MURRAY, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED JULY 8, 2024**

D.H. (Father) appeals from the decree terminating his parental rights to S.H. (Child), born in September of 2021, and the order changing Child's permanency goal to adoption.[1]  Father's counsel, James W. Martin, Esq.

---

[1] Mother's parental rights to Child were terminated on the same date.  Mother filed separate appeals from the goal change order and the termination decree, which we will address in a separate memorandum.

(Counsel) has filed an application for leave to withdraw and an **Anders**/**Santiago**[2] brief. After review, we deny Attorney Martin's application to withdraw and order Attorney Martin to submit an amended petition to withdraw.

Briefly, on September 5, 2021, the Philadelphia Department of Human Services (DHS) received a General Protective Services (GPS) report indicating that Mother had given birth to Child and alleging that Mother had a history of untreated mental illness, smoked cannabis while pregnant with Child, and missed prenatal checkup appointments. As part of its investigation, DHS caseworkers determined that Father and Mother were living in a garage without working utilities. DHS filed an application for an order of protective custody (OPC) for Child on September 9, 2021. That same day the trial court appointed Karen Deanna Williams, Esq. to act as Child's guardian *ad litem* (GAL) and legal counsel. **See** Order Appointing Counsel, CP-51-DP-905-2021, 9/9/21.

The trial court adjudicated Child dependent on September 29, 2021. DHS filed a petition to involuntarily terminate Father's parental rights on August 2, 2023. The trial court conducted a hearing on December 12, 2023. At the hearing, Father admitted that he is incarcerated and awaiting trial for

---

[2] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009); **see also In re V.E.**, 611 A.2d 1267, 1275 (Pa. Super. 1992) (extending **Anders** to appeals involving the termination of parental rights).

murder. *See* N.T., 12/12/23, at 11-12. Further, DHS presented testimony establishing that Father had failed to make any progress on his reunification goals. *See id.* at 42-43. Additionally, there was testimony that Child is bonded and attached to her foster mother and Child addresses her foster mother as "mom." *See id.* at 44-45.

At the conclusion of the hearing, the trial court terminated Father's parental rights to Child pursuant to Section 2511(a)(1), (a)(2), (a)(5), (a)(8), and (b) of the Adoption Act,[3] and changed Child's permanency goal to adoption.

Father timely appealed and simultaneously filed concise statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i). In lieu of a Rule 1925(a) opinion, the trial court issued a notice of compliance with Rule 1925(a) in which it referred to sections from the notes of testimony where the court stated its reasons for terminating Father's parental rights on the record. *See* Trial Ct. Rule 1925(a) Notice, 2/23/24, at 1-2 (unpaginated).

On appeal, Attorney Martin has filed a petition to withdraw and an *Anders*/*Santiago* brief that identifies the following issues:

> 1. Whether the trial court committed reversible error[] when it involuntarily terminated Father's parental rights[] under 23 Pa.C.S.[] Sections 2511(a)(1), (2), (5) & (8) when Father failed to present evidence that would have substantiated the denial of the petitions to involuntarily terminate his parental rights and change the goal to adoption.

_____

[3] 23 Pa.C.S. §§ 2101-2938.

2. Whether the trial court committed reversible error, when it involuntarily terminated Father's parental rights, and changed [C]hild's goal to adoption pursuant to 23 Pa.C.S.[] Section 2511(b), when DHS failed to prove by clear and convincing evidence that involuntarily terminating Father's parental rights best served the needs and welfare of . . . Child.

***Anders***/***Santiago*** Brief at 6 (some formatting altered).

When faced with an ***Anders***/***Santiago*** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw. ***See In re X.J.***, 105 A.3d 1, 3 (Pa. Super. 2014). As this Court has stated:

> To withdraw pursuant to ***Anders***, counsel must:
>
> > 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the [***Anders***] brief to the [appellant]; and **3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.**
>
> With respect to the third requirement of ***Anders***, that counsel inform the appellant of his or her rights in light of counsel's withdrawal, this Court has held that counsel must "attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights."

***In re J.D.H.***, 171 A.3d 903, 907 (Pa. Super. 2017) (citations and quotation marks omitted and emphasis added); ***see also X.J.***, 105 A.3d at 4 (explaining that under ***Anders***, counsel must send a letter to the client that advises the client of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems

worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief" (citations omitted and formatting altered)); **In re X.S.**, 555 EDA 2020, 2020 WL 4386767, at *2 (Pa. Super. filed July 31, 2020) (unpublished mem.) (striking counsel's **Anders** brief and ordering counsel to send a new letter to the mother where counsel's letter failed to inform the mother of her right to raise any additional points she deemed worthy of this Court's attention).[4]

Additionally, counsel must file a brief that meets the following requirements established by the Pennsylvania Supreme Court in **Santiago**:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**X.J.**, 105 A.3d at 3-4 (citation omitted).

Instantly, Attorney Martin has filed an application for leave to withdraw stating that he conscientiously reviewed the record and determined that the appeal is frivolous. He has also provided this Court with a certificate of service demonstrating that he served Father with a copy of his **Anders**/**Santiago**

---

[4] **See** Pa.R.A.P. 126(b) (providing that unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

brief and application for leave to withdraw, and the following letter to Father, that stated, in its entirety:

> I am writing to inform you of the following:
>
> 1. I am requesting to withdraw as appellant counsel in the above-referenced case;
>
> 2. I have enclosed a copy of the brief prepared in support of withdraw as counsel;
>
> 3. You have the right to retain new counsel or proceed *pro se*.

Attorney Martin's Letter to Father, 3/27/24.

Father did not file a response to the petition to withdraw.

Here, Attorney Martin did not inform Father of his right to raise any additional arguments that Father deemed worthy of this Court's attention. **Compare** Attorney Martin's Letter to Father, 3/27/24 **with J.D.H.**, 171 A.3d at 907 **and X.J.**, 105 A.3d at 4. Accordingly, Attorney Martin has failed to comply with the requirements of **Anders**. **See J.D.H.**, 171 A.3d at 907; **X.J.**, 105 A.3d at 4; **see also X.S.**, 2020 WL 4386767, at *2. Therefore, we are constrained to deny Attorney Martin's petition to withdraw and direct Attorney Martin to send a new letter to Father. Accordingly, within ten days from the date of this decision, Attorney Martin shall send Father a new letter informing Father that he has the right to retain new counsel or proceed *pro se* on appeal and the right to raise any arguments that Father deems worthy of this Court's attention in addition to the issues that Attorney Martin addressed in the **Anders** brief. **See X.J.**, 105 A.3d at 4; **see also X.S.**, 2020 WL 4386767, at *2. Thereafter, Attorney Martin may file a new **Anders** brief and petition to

withdraw, including a copy of the new letter with this Court. Father shall then have forty-five days from the date that Attorney Martin files a new ***Anders*** brief to file his own brief, either *pro se* or by new counsel, if he so chooses.

Petition to withdraw denied with instructions. Panel jurisdiction retained.