J-S36016-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE:  ADOPTION OF C.G.S., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF:  C.M.D., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 338 WDA 2025 |

Appeal from the Decree Entered February 21, 2025
In the Court of Common Pleas of Fayette County Orphans' Court at
No(s):  45-ADOPT-2024

BEFORE:   PANELLA, P.J.E., NICHOLS, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                **FILED: December 31, 2025**

C.M.D. (Mother) appeals from the decree involuntarily terminating her parental rights to C.G.S. (Child).[1]   Mother's counsel, Tyler Schultz, Esq. (Counsel) has filed an application for leave to withdraw and an **Anders**/**Santiago**[2] brief.  After review, we deny the application and order Counsel to submit an amended petition to withdraw.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Child was aged one year and ten months at the time of entry of the decree on February 21, 2025.  **See** Trial Ct. Op., 6/2/25, at 1.  The trial court decree is dated February 14, 2025 and was entered on the docket on February 21, 2025.

[2] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009); **see also In re V.E.**, 611 A.2d 1267, 1275 (Pa. Super. 1992) (extending **Anders** to appeals involving the termination of parental rights).

Briefly, Child was born in April of 2023 and was placed, pursuant to a shelter care petition filed by Fayette County Children and Youth Services (the Agency), in kinship foster care shortly after birth. *See* Trial Ct. Op., 6/2/25, at 1, 3. Child was adjudicated dependent on May 25, 2023 and has remained in the same kinship foster care placement throughout these proceedings. *See id.* at 3; N.T., 2/14/25, at 36-38.

On July 2, 2024, the Agency filed a petition to involuntarily terminate Mother's parental rights. The trial court held a termination of parental rights (TPR) hearing on February 14, 2025.[3] On February 21, 2025, the trial court

_____

[3] At the time of the TPR hearing, Child was aged one year and ten months and described as minimally verbal. *See* N.T., 2/14/25, at 15-16. The trial court had appointed Wendy O'Brien, Esq., "to represent the interests of [Child]." *See* Trial Ct. Order, 7/9/24. At the TPR hearing, Ms. O'Brien was identified as the guardian *ad litem* (GAL) for Child. *See* N.T., 2/14/25, at 4.

We note that trial courts must "appoint counsel to represent the child in an involuntary TPR proceeding[.]" 23 Pa.C.S. § 2313(a). "[W]here [a trial] court has appointed a GAL/Counsel to represent both the child's best interests and legal interests, appellate courts should review *sua sponte* whether the [trial] court made a determination that those interests did not conflict[,]" as "a single attorney cannot represent a child's best and legal interest if those interests conflict." *In re K.M.G.*, 240 A.3d 1218, 1235-36 (Pa. 2020) (citing *In re T.S.*, 192 A.3d 1080, 1082 (Pa. 2018)). An attorney serving as GAL "representing a child's best interests can properly fulfill the role of Section 2313(a) counsel where . . . the child at issue is too young to be able to express a preference as to the outcome of the proceedings." *T.S.*, 192 A.3d 1092. In other words, for a "child [who] is very young and pre-verbal, there can be no conflict between the child's legal interests and his or her best interests" and, accordingly, Section 2313(a)'s mandate "is satisfied where the court has appointed [a GAL] who represents the child's best interests during such proceedings." *Id.* at 1092-93.

*(Footnote Continued Next Page)*

entered a decree involuntarily terminating Mother's parental rights. *See* Trial Ct. Order, 2/21/25.

Mother timely filed a notice of appeal and a simultaneous concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i). The trial court complied with Pa.R.A.P. 1925(a).

On appeal, Counsel has filed an *Anders*/*Santiago* brief that identifies the following issue: "Did the trial court err when it terminated the parental rights of [Mother] pursuant to the Adoption Act and specifically 23 Pa.C.S. § 2511?" *Anders*/*Santiago* Brief at 7 (some formatting altered).

When faced with an *Anders*/*Santiago* brief, this Court must first examine counsel's request to withdraw before reviewing the merits of any possible underlying issues. *See In re X.J.*, 105 A.3d 1, 3 (Pa. Super. 2014). As this Court has stated:

> To withdraw pursuant to *Anders*, counsel must:
>
>> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the [*Anders*] brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to

---

Although it is unclear whether Attorney O'Brien served as both GAL and Section 2313(a) counsel or whether the trial court determined that there was no conflict between Child's best and legal interests, we nevertheless apply the *T.S.* presumption that Child's preferred outcome in the TPR proceedings could not be ascertained due to Child's very young age and minimal verbal ability. *See T.S.*, 192 A.3d at 1092-93. Accordingly, we conclude that Section 2313(a)'s mandate was satisfied in the proceedings below. *See* 23 Pa.C.S. § 2313(a); *K.M.G.*, 240 A.3d at 1235-36; *T.S.*, 192 A.3d at 1092-93.

> retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.
>
> With respect to the third requirement of **Anders**, that counsel inform the appellant of his or her rights in light of counsel's withdrawal, this Court has held that counsel must "attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights."

**In re J.D.H.**, 171 A.3d 903, 907 (Pa. Super. 2017) (citations and quotation marks omitted); **see also X.J.**, 105 A.3d at 4 (explaining that under **Anders**, counsel must send their client a letter which advises the client of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief" (citations omitted and some formatting altered)); **In re X.S.**, 555 EDA 2020, 2020 WL 4386767, at *2 (Pa. Super. filed July 31, 2020) (unpublished mem.) (striking counsel's **Anders** brief and ordering counsel to send a new letter to the mother where counsel's letter failed to inform the mother of her right to raise any additional points she deemed worthy of this Court's attention).[4]

Additionally, counsel must file a brief that meets the following requirements established by the Pennsylvania Supreme Court in **Santiago**:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state

---

[4] **See** Pa.R.A.P. 126(b) (providing that unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*X.J.*, 105 A.3d at 3-4 (citation omitted).

Here, Counsel has filed an application for leave to withdraw stating that he "conscientiously examin[ed] the record" and "concluded that an appeal would be frivolous." Appl. to Withdraw, 8/15/25, at 2. Counsel has also provided this Court with a certificate of service demonstrating that he served Mother with a copy of his *Anders*/*Santiago* brief and application for leave to withdraw, and the following letter to Mother, which states in its entirety:

> Enclosed, please find a copy of the *Anders* Brief and Application to Withdraw as Counsel. In the event you have any disagreements with my brief, you must immediately either proceed on your own or retain private counsel to immediately file either a brief in support of your position, or a response to my request to withdraw as counsel. You have the right to proceed immediately.
>
> I strongly encourage you to file immediately, as you have not filed anything as of yet. Please reach out to me if you have any questions.

Counsel's Letter to Mother, 8/15/25 (some formatting altered).

Mother did not file a response to Counsel's petition to withdraw.

Here, Counsel's letter did not inform Mother of her right to raise any additional arguments that she deemed worthy of this Court's attention. *Compare* Counsel's Letter to Mother, 8/15/25 *with J.D.H.*, 171 A.3d at 907 *and X.J.*, 105 A.3d at 4. Accordingly, Counsel has failed to fully comply with the requirements of *Anders* and *Santiago*. *See J.D.H.*, 171 A.3d at 907;

*X.J.*, 105 A.3d at 4; *see also X.S.*, 2020 WL 4386767, at \*2. We are therefore constrained to deny the petition to withdraw and direct Counsel to send a new letter to Mother. Within ten days of the date of this decision, Counsel shall inform Mother by letter that she has the right to retain new counsel or proceed *pro se* on appeal, as well as the right to raise any arguments that Mother deems worthy of this Court's attention, in addition to the issues that Counsel addressed in the *Anders*/*Santiago* brief. *See X.J.*, 105 A.3d at 4; *see also X.S.*, 2020 WL 4386767, at \*2. Thereafter, Counsel may file a new *Anders*/*Santiago* brief and petition to withdraw with this Court, including a copy of the new letter to Mother. Mother shall then have forty-five days from the date that Counsel files a new *Anders*/*Santiago* brief to file her own brief, either *pro se* or by new counsel, if she so chooses.

Petition to withdraw denied with instructions. Panel jurisdiction retained.